IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-44-D

ROBERT NELSON BELL, JR., )
                         )
            Plaintiff,   )
                         )
      v.                 )                    **ORDER**
                         )
NEW HANOVER COUNTY       )
SHERIFF'S DEPARTMENT,    )
et al.,                  )
                         )
            Defendants.  )

On March 4, 2014, Robert Nelson Bell, Jr. ("Bell"), proceeding pro se, filed this action under 42 U.S.C. § 1983, together with an application to proceed in forma pauperis [D.E. 1]. On May 1, 2014, the court allowed the action to proceed [D.E. 6] and filed the complaint [D.E. 7]. On July 9, 2014, defendants moved to dismiss Bells' complaint for failure to state a claim [D.E. 20]. See Fed. R. Civ. P. 12(b)(6). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Bell about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 22]. On August 1, 2014, Bell responded in opposition to the motion to dismiss [D.E. 23]. On August 15, 2014, defendants replied [D.E. 24]. On September 15, 2014, Bell filed a surreply, together with several affidavits [D.E. 25, 26]. On September 19, 2014, defendants moved to strike Bell's surreply [D.E. 27]. Defendants also move to stay discovery pending resolution of their motions [D.E. 31]. Bell did not respond in opposition to defendants' motion to strike or motion to stay discovery. As explained below, the court denies defendants' motion to strike, grants defendants' motion to dismiss, and denies as moot defendants' motion to stay.

I.

On March 4, 2011, Bell called 911 twice in order to obtain "assistance from the New Hanover County Sheriff's Department" in dealing with "a violent and irrational female acquaintance" who was at his residence. Compl. ¶¶ 9–10. Eight deputy sheriffs' vehicles arrived at Bell's residence in response, and two deputies "began ordering loudly for . . . Bell to come outside of his residence." Id. ¶¶ 10–12. Bell declined to come outside, and "feeling scared and threatened by the overwhelming amount of Deputy Sheriff's at his residence, once again called 911 to ask for the removal of the Deputy Sheriff's." Id. ¶¶ 11, 13.

Bell's parents and cousin came to the scene, and Bell's father spoke with defendant Deputy Sheriff J.M. Knox and then "ask[ed] his son . . . to open the door and talk . . . ." Id. ¶¶ 14–15. Bell "opened the door slightly[,]" and "a Deputy Sheriff shoved the door open and grabbed [Bell] by the arm." Id. ¶ 16. Bell pulled away and attempted to close his door, but the deputy used his foot in the doorjam to prevent Bell from closing his door. Id. "The same two (2) Deputy Sheriffs pushed the door open and chased [Bell] through his residence and into the dining area where he was seized and both arms forced upwards behind his back . . . ." Id. ¶ 17.

> After being forcibly led outside, Robert Nelson Bell, Jr. was thrown to the ground face first, hitting the porch deck. Both his mouth & gums were bleeding. While still being held down by the initial two (2) Deputy Sheriffs, a third (3) Deputy Sheriff used a Taser gun multiple times on Robert Nelson Bell, Jr. A fourth (4) Deputy Sheriff then grabbed Robert Nelson Bell, Jr's head while the Deputy Sheriff with the Taser gun began kicking Robert Nelson Bell, Jr. over and over in the face and head. Robert Nelson Bell, Jr. attempted to yell for his mother for help as well as telling the Deputies he was complying, but couldn't breathe. While being Tasered and kicked and battered, the arms of Robert Nelson Bell, Jr were held behind his back and being pulled so severely upwards to the point of cruelty and further injury.

Id. ¶ 18.

Defendant Knox then "advised [Bell] that he was being placed under arrest for the misuse

2

of the 911 system, handcuffed and led down the steps of his home . . . and placed into a Sheriffs vehicle." Id. ¶ 19. After Bell was inside the vehicle, deputy sheriffs conducted a warrantless search of Bell's home. Id. ¶ 20. Bell was taken to the New Hanover County jail, booked into custody, and taken before a magistrate who set bond. Id. ¶ 21. Bell remained in jail for almost two days "until all monies could be paid towards the bond for his release." Id. ¶ 21.

Bell brings claims pursuant to 42 U.S.C. § 1983 for illegal search and seizure and several state-law claims. Compl. ¶¶ 22–47. Bell seeks compensatory and punitive damages. Id., Prayer for Relief. Bell names as defendants the New Hanover County Sheriff Department, three deputy sheriffs (Knox, Taylor, and Baxley), and additional "unidentified responding Deputy Sheriffs from Squad 'B'" ("the John Doe defendants"). Id. ¶¶ 4–8.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court need not accept a complaint's conclusions of law. See Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). As for a complaint's factual sufficiency, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing" cannot "cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotation omitted); see Vitol, S.A., 708 F.3d at 543. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

3

acted unlawfully." Iqbal, 556 U.S. at 678. A plaintiff armed with nothing more than "labels and conclusions" or a formulaic recitation of the elements of a cause of action cannot proceed. Twombly, 550 U.S. at 555 & n.3; Vitol, S.A., 708 F.3d at 543; Francis, 588 F.3d at 193.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Moreover, in considering a motion to dismiss, a court must focus on the complaint. However, the court may also consider documents attached to the complaint if they "are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). Furthermore, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips, 572 F.3d at 180. The court analyzes Bell's section 1983 claims under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989); see also United States v. Arvizu, 534 U.S. 266, 273 (2002); Whren v. United States, 517 U.S. 806, 809–10 (1996).

First, the New Hanover County Sheriff's Department seeks dismissal because it is not an entity capable of being sued. Mem. Supp. Mot. Dismiss [D.E. 21] 3–4. The court agrees. See, e.g., Hill v. Robeson Cnty., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010); Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008). Thus, the court dismisses Bell's claims against this defendant.

4

Next, the John Doe defendants seek dismissal because Bell has failed to identify them within the applicable statute of limitations. Mem. Supp. Mot. Dismiss 4–6. Congress has not adopted a specific statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See, e.g., Burnett v. Grattan, 468 U.S. 42, 48–49 (1984); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. Wallace v. Kato, 549 U.S. 384, 387 (2007). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5). Thus, North Carolina's three-year statute of limitations governs Bell's claims. See, e.g., Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2002); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n.2 (4th Cir. 1991).

Bell's arrest occurred on March 4, 2011, and he filed suit on March 4, 2014. The John Doe defendants argue that North Carolina law does not permit Bell to toll the statute of limitations while he discovers their identities. See Mem. Supp. Mot. Dismiss 4–5. The court agrees. See, e.g., Locklear v. Bergman & Beving AB, 457 F.3d 363, 367 (4th Cir. 2006); Denny v. Hinton, 110 F.R.D. 434, 435–37 (M.D.N.C. 1986); Huggard v. Wake Cnty. Hosp. Sys., Inc., 102 N.C. App. 772, 775–76, 403 S.E.2d 568, 570–71 (1991), aff'd, 330 N.C. 610, 411 S.E.2d 610 (1992).

In opposition to this conclusion, Bell "ask[s] the court for some leniency" and states that "[p]rior requests directed to the Sheriff's Department for this information (before the statute of limitation) was ignored." Resp. Opp'n Mot. Dismiss [D.E. 23] 3. Bell does not warrant leniency. He failed to commence this action until the last day possible, and the requested leniency would contravene governing precedent. Locklear, 457 F.3d at 367. Thus, the court dismisses Bell's claims against the John Doe defendants.

5

Defendants Knox, Taylor, and Baxley contend that Bell "has . . . failed to assert sufficient facts to state any valid claims against" them. See Mem. Supp. Mot. Dismiss 6. The court agrees. Bell has failed to plausibly connect these defendants to the claims in his complaint or explain their specific roles in the acts of which he complains. See, e.g., Iqbal, 556 U.S. at 678–79. The court, however, will dismiss Bell's claims against these defendants without prejudice.

As for defendants' motion to strike [D.E. 27], the court has reviewed the motion under the governing standard and declines to strike Bell's surreply and the affidavits attached thereto. Fed. R. Civ. P. 12(f); see, e.g., Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Hill, 733 F. Supp. 2d at 690.

II.

In sum, the court DENIES defendants' motion to strike [D.E. 27] and DENIES AS MOOT defendants' motion to stay discovery [D.E. 31]. The court GRANTS defendants' motion to dismiss [D.E. 20], DISMISSING WITHOUT PREJUDICE plaintiff's claims against defendants Knox, Taylor, and Baxley, and DISMISSING plaintiff's claims against the other defendants WITH PREJUDICE.

SO ORDERED. This _1_ day of February 2015.

JAMES C. DEVER III
Chief United States District Judge